CHARLES A. LUCKE, PLAINTIFF IN ERROR, V. FRANK YOAKUM, JAMES VORE, AND J. M. KOTZMAIER, DEFENDANTS IN ERROR.

1. Action quia timet: EVIDENCE. In an action to quiet title, where the parties claim from a common source, a witness, who was the real estate agent by which the alleged transfer was made to the defendant in the action, was asked upon the witness stand what the custom was, among real estate men, as to selling real estate on credit, as he had done, and upon objection the testimony was excluded. *It was Held,* That there was no error in the ruling of the court, there being no authority for the sale on time.

2. ———— : ————. Where, in the trial of such a cause, a witness was called and asked as to negotiations instituted by himself for the purchase of the real estate involved in the suit, such negotiation being entirely disconnected with the alleged purchase by the defendant, *It was Held,* That the offered evidence was properly excluded.

ERROR to the district court for Douglas county. Tried below before GROFF, J.

*Charles W. Haller,* for plaintiff in error, cited: *Mitchell v. Harcourt,* 62 Iowa, 349. *Votaw v. Diehl,* Id., 676.

*W. W. Keysor* and *Howard B. Smith,* for defendants in error, cited: *Lipscomb v. Lyon,* 19 Neb., 522.

REESE, CH. J.

This action was instituted in the district court of Douglas county, for the purpose of quieting the title to lot five in block one, Donnecken's addition to Walnut Hill addition to the city of Omaha.

It is alleged in the petition that, on the 20th day of June, 1886, J. M. Kotzmaier, who is made defendant, was the owner of the property in question, and that on said day he sold the same to one Theodore Olson, and that on the 5th day of July 1886, in pursuance of said contract, he conveyed it to Olson, by good and sufficient warranty deed, which was duly recorded on the 7th day of July, 1886, at 3:30 o'clock P.M., in the deed records of Douglas county; that Olson purchased the property in good faith, with no knowledge of any pretended claim of plaintiff in error, paying full value therefor; that on the 6th day of July, 1886, Olson, for value, sold and conveyed said property to the plaintiffs, by warranty deed duly executed and delivered, and which deed was, on the 8th day of July, 1886, duly filed for record and recorded in the proper records of Douglas county; that the plaintiff's purchase from Olson was without knowledge or notice of the claim of the plaintiff in error; that on the 7th day of July, 1886, plaintiff in error caused to be filed for record and recorded a pretended warranty deed, from said Kotzmaier to him; that Kotzmaier never sold said lots to defendant, nor received any consideration therefor, nor did he execute, acknowledge, or deliver any deed of conveyance therefor; that the pretended deed so filed and recorded cast a cloud upon their title, which they sought to have removed by proper decree.

Plaintiff in error, by his answer, denied the sale of property in controversy to Olson on the 20th day of June, 1886, and denies the good faith of Olson in the purchase,

but alleges the sale of the lot to plaintiff in error, by Kotz-maier, the purchase having been made in good faith, and without knowledge of the claims of plaintiffs or their grantors. Affirmative relief to the extent of quieting the title of plaintiff in error is demanded.

Upon a trial the findings and decree were in favor of defendants in error (plaintiffs below), and the cause is brought to this court by plaintiff in error, who was defendant below.

The errors assigned here by the petition in error are, that, "1st. The court erred in excluding the following question asked Phillip Fox, a witness, to-wit: 'During June, 1886, what was the custom among real estate men as to selling real estate for credit, as you did, outside lots?' 2d. The court erred in overruling the motion for a new trial."

As to the first assignment of error there is sufficient in the record to sustain the finding of the district court, that Kotzmaier, being the owner of the lot, but desiring to sell it, signed blank deeds and left them with an agent, with instructions to sell the lot, but that they were not left with Andres, who sold the property to Lucke; nor had he any authority to fill out and deliver the deed. It also appears that, when plaintiff in error purchased the property, he did so upon long time, and that at the time the conveyance was to be made, a blank deed, with the bare signature of Kotzmaier, was placed in his hands; that he filled it out entire, over the signature, and a certificate of acknowledgment was made by Andres, as of that day, although at that time Kotzmaier was not in the state. In the meantime Kotzmaier sold and conveyed the lot to Olson, who in turn conveyed to plaintiffs in error.

By the question propounded to the witness Andres, and the answer thereto, it is probable that plaintiff in error sought to establish the custom among real estate agents as to selling real estate upon credit, without authority from

their principals so to do.    In ruling upon this question we think the court did not err, as we know of no rule of law which would authorize a real estate agent, in violation of the directions of his principal, or in the absence of any directions, to sell property on credit, even though such might be the custom.    The fact of the existence of such a custom could evidently have no bearing in the case.    It would not bind the principal, should he refuse to confirm the sale.

2d.    It is claimed by plaintiff in error that the sale to him was ratified and confirmed by the principal.  Should this be true, the question of custom would be an immaterial one.

The next assignment of error is perhaps too general to require examination, but we will notice it briefly.

The motion for a new trial filed in the district court consisted of two assignments, one of which we have already disposed of.    The other was as follows:

"At the former trial, to-wit, on the 11th day of July, 1887, the witness, S. W. Kettler, was introduced and asked on behalf of said Lucke, as follows, to-wit:  'Were you at any time a party to a bargain for the purchase of this lot named (besides other lots, the lot in controversy) when they were conveyed by Mr. Kotzmaier?'  The witness and question being objected to on account of incompetency, immateriality, and irrelevancy, the attorney of said Lucke stated as follows, to-wit:  'I put this witness upon the stand to bring out two points.  One is, that Kotzmaier, by his own statement, showed that he knew these blank deeds were in the possession of Mr. Andres.    Another is, that he contracted for $400, and that Mr. Andres was authorized to sell them for $400.'    The court thereupon stated that he could not allow said Lucke to go into that, and an exception was then and there taken to said ruling, on the part of said Lucke."

It appears that the witness, Kettler, at one time made

an offer to purchase the lots in question, with other lots, but there is nothing in the case that connects his alleged purchase with the transactions involved in this case. They were wholly and entirely distinct. Had the evidence been admitted, it could not have thrown any light upon the questions involved here.

We have carefully examined the bill of exceptions, and think that the decision of the district court upon the evidence was entirely correct, and are unable to find any error in the record.

The judgment of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.